

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-20-2009

# Akuma-Eze: Akuma v. Samuel Natal

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1135

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Akuma-Eze: Akuma v. Samuel Natal" (2009). *2009 Decisions.* Paper 1843.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1843

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-1135
_____

AKUMA-EZE: AKUMA,

                                        Appellant

v.

JUDGE SAMUEL D. NATAL, J.S.C. et al.

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 07-cv-05765)
District Judge:  Honorable Robert B. Kugler

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 19, 2009

Before: FISHER, JORDAN and VAN ANTWERPEN, <u>Circuit</u> <u>Judges</u>

Opinion filed: February 20, 2009

_____

OPINION
_____

PER CURIAM

    Akuma-Eze: Akuma, who is presently involuntarily committed to the Ancora

Psychiatric Hospital, appeals from the order of the United States District Court for the

District of New Jersey dismissing <u>sua</u> <u>sponte</u> his complaint seeking, among other things,

dismissal of a state criminal prosecution against him and release from pre-trial confinement at the psychiatric hospital.

Akuma's lengthy narrative complaint lists two sets of events leading up to his involuntary commitment to Ancora Psychiatric Hospital. First, Akuma alleges that unidentified Pennsauken Police Officers assaulted and arrested him and unlawfully seized his car on November 2, 2006. Upon his release on bail, he attempted to get his car back by serving a self-styled "notice and demand" on the Pennsauken Police Department, to which they did not respond. He then filed a civil action in state court in 2006, seeking the return of his property. He claims that his car is still in police custody and he wants it back.

The next set of allegations pertain to events that began in March 2007, with Akuma's arrest on a warrant at the Rutgers University Law Library. He was taken to the Camden County Correctional Facility ("CCCF") pending his initial appearance in his state court criminal action before Judge Samuel Natal. At the initial appearance, Judge Natal assigned Akuma a public defender, allegedly without Akuma's consent. Akuma claims that, on August 1, 2007, Judge Natal sent him to the Ancora Psychiatric Hospital for a competency evaluation against his will. He asserts that when he refused to take medications, the doctors put him on "refusing status" and gave him medications by injection against his will. On August 24, 2007, Doctor Benjamin Liberatore conducted a competency evaluation of Akuma. On September 24, 2007, Judge Natal reviewed Dr.

Liberatore's report of Akuma's competency to stand trial, concluding, inter alia, that Akuma was a danger to himself and to the community. Upon the agreement of the prosecution and public defender, Judge Natal ordered that Akuma be returned to Ancora Hospital pending his criminal prosecution. Akuma complained that Judge Natal's actions violated his due process rights. Akuma further claimed that the Ancora Hospital doctors deprived him of due process and subjected him to cruel and unusual punishment by forcibly medicating him.

For relief, Akuma sought orders directing his release from the psychiatric hospital and barring Ancora Psychiatric Hospital and its doctors from subjecting him to any further "medical experimentation" against his will. In addition to a court order compelling the state of New Jersey to conduct a widespread investigation of alleged illegal activities by the judicial system that targeted minorities, Akuma also requested orders directing the dismissal of the criminal prosecution against him and Judge Natal's recusal from his criminal case. He wanted the District Court to order the Pennsauken Police to return his car and pay for a tune-up.

The District Court treated the petition as a complaint filed pursuant to 42 U.S.C. § 1983 and dismissed it sua sponte by order entered December 27, 2007. The District Court dismissed with prejudice all claims against Judge Natal as barred by the doctrine of absolute judicial immunity because the claims were based on rulings made by Judge Natal in the performance of his official duties as a Judge in the Superior Court of New Jersey.

3

The court also dismissed pursuant to the doctrine of <u>Younger v. Harris</u>, 401 U.S. 37 (1971), Akuma's request for dismissal of the pending state criminal proceeding. The District Court dismissed without prejudice Akuma's request for immediate release from pre-trial confinement at the psychiatric hospital and his involuntary medication claim against the medical staff at Ancora Psychiatric Hospital. The District Court ordered the Clerk to refund Akuma his filing fee and to file the Complaint as a supplemental complaint in <u>Akuma-Eze: Akuma v. Burns</u>, Civ. No. 07-05171 (D.N.J.).

This timely appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of the order dismissing Akuma's action is plenary. <u>See</u> <u>Victaulic Co. v. Tieman</u>, 499 F.3d 227, 234 (3d Cir. 2007). "[A] plaintiff must allege facts that raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact)." <u>Id</u>. (citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, ___, 127 S.Ct. 1955, 1965 (2007).

We will affirm.[1] As the District Court correctly determined, Akuma's claims against Judge Natal are barred by the doctrine of absolute judicial immunity. <u>See</u> <u>Stump</u>

---

[1] We note that the District Court did not articulate any source for its authority to dismiss Akuma's complaint <u>sua</u> <u>sponte</u>. Akuma did not proceed <u>in</u> <u>forma</u> <u>pauperis</u> pursuant to 28 U.S.C. § 1915, and thus, the District Court had no authority under that provision to review his complaint for frivolousness. However, because many of Akuma's allegations are so insubstantial as to be insufficient to confer jurisdiction, <u>see</u>, <u>e.g.</u>, <u>Hagans v. Lavine</u>, 415 U.S. 528, 538-41 (1974), and because the remainder of the allegations were transferred to one of Akuma's related ongoing District Court actions, we conclude that any error on the District Court's part was harmless.

4

v. Sparkman, 435 U.S. 349, 357, 363 (1978).  We also agree with the District Court's sua sponte decision to abstain from exercising jurisdiction over Akuma's request that the federal court dismiss his state court criminal action.  See O'Shea v. Littleton, 414 U.S. 488, 496 (1974) (citing Younger v. Harris, 401 U.S. 37 (1971)).  The District Court properly determined that Akuma's petition for immediate release from confinement is only cognizable in habeas corpus, and then, only after he has exhausted available state court remedies.  Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).  We agree with the District Court that Akuma's involuntary medication claim against Ancora Psychiatric Hospital doctors duplicates currently pending claims he raised in Akuma-Eze: Akuma v. Burns, Civ. No. 07-05171 (D. N.J.).  See Walton v. Eaton Corp., 563 F.2d 66, 70-71 (1977).

That leaves Akuma's claims against the Pennsauken Police Department officers whom he did not name in his complaint.  The District Court did not grant Akuma leave to amend the Complaint to name the Pennsauken Police Department or any of its officers as defendants.  Nor did the District Court address Akuma's claims with respect to his arrest in November 2006 and the return of his car.  Because the District Court ordered that the case be closed administratively and ordered the return of the full filing fee to Akuma, we conclude that the District Court intended that these claims be filed as a supplemental complaint in Akuma v Burns, Civ. No. 07-05171.  Thus, because Akuma will have an opportunity to file a motion to amend the complaint in Akuma v. Burns, we hold that any

5

error of the District Court in this matter is harmless.

We have thoroughly reviewed Akuma's claims on appeal and conclude that they are meritless. Accordingly, we will affirm the judgment of the District Court.